## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                   CIVIL ACTION

IN THE MATTER OF                                  NO. 22-117-JWD-EWD
$12,000.00 U.S. CURRENCY

### RULING AND ORDER

This matter comes before the Court on the *Motion to Strike Claim and Answer* (Doc. 7) filed by Plaintiff, United States of America ("United States" or the "Government"). Claimant, Alvera Buchanan ("Buchanan"), filed no opposition to this motion. The Court has carefully considered the law, the facts, and the arguments and submissions of the United States and is prepared to rule. For the following reasons, the motion is granted.

### I.       Relevant Background

The following factual allegations are largely taken from the United States' *Verified Complaint for Forfeiture In Rem* ("*V. Compl.*") (Doc. 1). The United States brings this civil action *in rem* to forfeit and condemn certain property seized from Buchanan, namely $12,000.00 in U.S. currency (hereafter, the "defendant property"). (*V. Compl.* ¶ 1, Doc. 1.)

### A.  Facts Relating to Seizure of the Defendant Property

On October 12, 2021, Drug Enforcement Administration ("DEA") Task Force Officer ("TFO") Christopher Green observed a Chevrolet Traverse traveling westbound on Interstate 12 in Baton Rouge, Louisiana. (*V. Compl.* ¶ 7, Doc. 1.) TFO Green believed the vehicle was travelling at an unsafe distance from the truck in front of it, so he stopped the vehicle on Interstate 12 near the Millerville Highway Exit, mile marker 5. (*Id.*) Eddie Leary ("Leary") was driving the vehicle; Buchanan sat in the passenger seat and purportedly had rented the vehicle the night before. (*Id.* ¶¶

1

13, 15.) Following questioning by TFO Green, arrival of back-up units, a positive alert of narcotics odor on the vehicle by a narcotics detention K-9, and a subsequent search of the vehicle, officers found a heat-sealed package of rubber-banded U.S. currency totaling $12,000.00. (*Id.* ¶¶ 13–17.) Based on TFO Green's training and experience and the totality of the circumstances he observed (all of which are not detailed herein nor relevant to the motion), the defendant property was deemed to be "consistent with the proceeds of narcotics trafficking." (*Id.* ¶ 21.) The defendant property was then seized by the DEA, and it currently remains in the custody of the United States Marshals Service. (*Id.* ¶¶ 2, 18.)

### B. Procedural Background and Facts Relating to the Instant Motion

On February 18, 2022, the United States filed the operative complaint against the defendant property, claiming that the defendant property is subject to forfeiture because it "represent[s] moneys furnished or intended to be furnished by any person in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 841 *et seq.*" (*V. Compl.* ¶ 1, Doc. 1.) On March 3, 2022, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the United States sent direct notice of the operative complaint and a copy of that complaint—via certified and regular mail—to the potential claimants, Buchanan and Leary. (Doc. 7-1 at 1.) Those notices advised Buchanan and Leary that the deadline for filing a verified claim was April 8, 2022. (*Id.*) In addition to mailing the direct notices, on March 9, 2022, the United States published this forfeiture proceeding for thirty consecutive days on an official government internet forfeiture site. (*Id.*)

On March 24, 2022, the United States Attorney's Office received Buchanan's *Response to Complaint for Forfeiture*, (Ex. 4, Doc. 7-5), whereby Buchanan denied the assertions set forth in

the operative complaint. On April 29, 2022, the United States sent Buchanan a letter claiming that her response was insufficient for the purpose of asserting a verified claim under Supplemental Rule G(5)(a) and advising her that the United States was extending her deadline to file a claim until May 20, 2022, giving her an additional three weeks. (Doc. 7-1 at 2 (citing Ex. 5, Doc. 7-6).) On May 13, 2022, Buchanan filed a one-paragraph response identical to the response she previously sent on March 24, 2022. (Doc. 7-5; *see also* Doc. 7-3.)

Thereafter, on May 19, 2022, Buchanan filed the *Claimant Alvera Buchanan Verified Claim of Interest* (the "claim"), asserting that she has a claim to, interest in, and right to the defendant property. (Doc. 6 at 1.) Buchanan claims she is the lawful owner of the defendant property and that she neither participated in nor had any knowledge of any alleged illegal activity connected to the defendant property. (*Id.*) As such, she "demands the return of [that] property and the right to defend this action." (*Id.*) The United States now moves to strike Buchanan's claim. (Doc. 7.)

## II.  Discussion

### A.  Parties' Arguments[1]

#### 1.  The United States' Original Memorandum (Doc. 7-1)

The United States moves to strike Buchanan's claim for three reasons. First, the United States moves to strike Buchanan's claim for failure to file a valid answer. (Doc. 7-1 at 2.) More specifically, the United States argues that the "explanation provided in her claim is" not an "answer" under the applicable rules, as it fails to comply with the requirements of Supplemental Rule G(5)(b) and Federal Rule of Civil Procedure 8(b). (*Id.* at 2–3.) Moreover, to the extent Buchanan's claim is an "answer," the United States argues it should be stricken because it was not

---

[1] Again, as stated above, Buchanan has not filed an opposition to the motion.

timely failed. (*Id.* at 2.) Lastly, the United States "moves to alternatively strike" her claim because her denial of knowledge and ownership of the defendant property during the traffic stop shows she lacks Article III standing. (*Id.* at 3.)

### a. Buchanan's claim failed to file an answer

First, the United States argues that Buchanan failed to file an answer because her claim does not meet the requirements set forth in Supplemental Rule G(5). (Doc. 7-1 at 3.) According to the United States, Supplemental Rule G(5) not only sets forth the requirements for filing a claim in a civil forfeiture proceeding, but also requires the filing of an answer: "A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." (*Id.* (quoting Supp. R. G(5)(b)).) Hence, because Buchanan filed her claim on May 19, 2022, her answer was due twenty-one days later—that is, by June 9, 2022. (*Id.*) According to the United States, Buchanan failed to comply with the requirement of filing a timely answer because, as of the filing of the instant motion (August 1, 2022), she has yet to file an answer. (*Id.* at 3.)

The United States relies on multiple cases to argue why Buchanan's claim failed to file an answer. First, the United States asserts that "[c]ourts grant leniency to pro se litigants, but this leniency has its limits." (*Id.* (*In re $477,225 from B1 Bank Acct. No. XXXXXXXXXXX in Name of Interstate Constr. Grp., Inc.*, No. 21-41, 2022 WL 524771, at *3 (M.D. La. Feb. 22, 2022)).) Next, the United States points to *United States v. U.S. Currency*, No. 20-1295, 2021 WL 1099588 (W.D. La. Mar. 19, 2021). (*Id.* at 4.) According to the United States, in that case, the putative claimant was sent notice of the civil forfeiture complaint and then filed identical motions to suppress, but he "did not file a claim or answer." (Doc. 7-1 at 4.) The United States District Court for the Western District of Louisiana granted the government's motion to strike the pleadings because it found the claimant failed to comply with the strict filing requirements and "did not

4

expressly move for an extension of time to file a claim." (*Id.* (citing *United States v. U.S. Currency*, 2021 WL 1099588, at *2–3).)

In the present case, the United States asserts that Buchanan likewise did not file a claim, nor did she file an answer. (*Id.*) The Government notified her of the insufficiencies of her unfiled and undated *Response to Complaint of Forfeiture*, urging the importance of filing a timely and valid claim and answer. (*Id.*) The Government lengthened Buchanan's timeline to file a claim and an answer from thirty-five days to an additional twenty-one days, but she still failed to do so. (*Id.* at 4–5.) Furthermore, the United States argues, Buchanan similarly never requested an extension of time to file an answer. (*Id.* at 4.)

The United States also cites to *United States v. One 2002 Dodge Ram 1500 Quad-Cab Truck*, where the claimant filed a verified claim, but did not file an answer within the requisite time. (*Id.* at 5 (citing *United States v. One 2002 Dodge Ram 1500 Quad-Cab Truck VIN: £3D7HU18ZX2G145745*, No. 06-0184, 2007 WL 1815684, at *1 (N.D. Tex. June 25, 2007)).) In that case, the claimant was "expressly placed on notice of the deficiency in failing to satisfy the pleading requirements," when the government contacted the claimant and advised her of two additional weeks to file a sufficient answer. (*Id.* (citing *One 2002 Dodge Ram 1500 Quad-Cab Truck*, 2007 WL 1815684, at *1).) The United States District Court for the Northern District of Texas granted the government's motion to strike the claim because of the claimant's failure to file an answer despite the additional time granted. (*Id.* (citing *One 2002 Dodge Ram 1500 Quad-Cab Truck*, 2007 WL 1815684, at *2).)

In the present matter, Buchanan was notified of the insufficiency of her filed response on March 3, 2022, and again on April 9, 2022. (*See* Doc. 7-2 at 1; Doc 7-6 at 1.) In the letter explaining the requirements of Supplemental Rule G(5) sent on April 9, 2022, the Government also extended

Buchanan's deadline in which to file this verified claim and answer. (Doc. 7-6 at 1.) Therefore, the Government moves that Buchanan's claim should be struck for failure to file an answer pursuant to Supplemental Rule G(8)(c)(1). (Doc. 7-1 at 5.)

> **b.  Alternatively, if the Court determines that Buchanan's claim contains an answer, it should still be struck because it is deficient**

The United States maintains its position that Buchanan's claim failed to state an answer. However, if the Court should find that Buchanan's claim includes sufficient information to be considered an answer, the Government argues it should still be struck for failure to comply with Federal Rule of Civil Procedure Rule 8(b). (Doc. 7-1 at 6.) According to the United States, because Supplemental Rule G(5)(b) does not address the required contents of the answer, Federal Rule of Civil Procedure 8(b) applies. (*Id.*) In Buchanan's claim filed on May 19, 2022, she failed to deny the allegations of the complaint specifically, and her general denial was not made in good faith. (*Id.*; *see also* Doc. 6.) The United States argues that Buchanan's claim, if considered to be an answer, spoke to the general denial that she was unaware of any illegal activity involving the seized currency, but nothing in that claim spoke to the specific, detailed allegations of fraud set forth in the complaint. (Doc. 7-1 at 6.) Thus, the United States submits that her answer fails to comply with Federal Rule of Civil Procedure 8. For these reasons, the Government asks that Buchanan's "answer," if found to be one, be struck pursuant to Supplemental Rule G(8)(c)(i). (*Id.* at 7.)

Moreover, if Buchanan's answer is struck, the United States asserts that her underlying claim must also be struck. (*Id.*) According to the United States, Supplemental Rule G(5) requires a claimant to file a valid claim *and* answer. (*Id.*) Thus, the Government argues for a conjunctive reading of the rule: because Buchanan has a deficient answer under Fed. R. Civ. P. Rule 8, her

claim should also be struck pursuant to Supplemental Rule G(8)(c)(i). (*Id.* at 7–8.)

        **c.  Buchanan's claim should be struck for lack of Article III standing because she disavowed ownership of defendant property.**

Finally, the United States argues that Buchanan lacks Article III standing because she denied knowledge or ownership of the defendant property at the scene and therefore cannot attempt to raise a claim for the defendant property to contest this forfeiture action. (Doc. 7-1 at 8.) Per Supplemental Rule G, Advisory Committee Notes to Subdivision (8), "[a] claimant who lacks standing is not entitled to challenge the forfeiture on the merits." (*Id.*) Claimants must establish both Article III standing and statutory standing. (*Id.* at 9 (citing *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 616–17 (7th Cir. 2015); *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989)).)

According to the United States, the claimant, Buchanan, bears the burden of establishing standing to contest a forfeiture action. (Doc. 7-1 at 8 (citing *United States v. $9,041,598.68*, 163 F.3d 238, 245 (5th Cir. 1998); *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 646 (7th Cir. 2015)).) To meet this burden and establish statutory standing, a claimant must adhere to the procedural requirements set forth in the Supplemental Rules; to establish Article III standing, a claimant must establish a "colorable" interest in the property. (Doc. 7-1 at 9 (citing *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 616–18 (7th Cir. 2015)).)

For the reasons set forth above, the United States asks the Court to strike Buchanan's claim and answer. (Doc. 7-1 at 11.)

    **B.  Applicable Law and Analysis**

        **1.  Waiver**

As discussed below, Buchanan failed to oppose the United States' motion to strike her claim and answer and thus has waived any argument to the contrary. Consequently, the Court could dismiss her claim and answer on this ground alone.

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (quoting *JMCB, LLC v. Bd. Of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003))); *see JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "to avoid waiver, a party must identify relevant legal standards and any relevant Fifth Circuit cases" and holding that, because appellant "failed to do either with regard to its underlying claims, those claims were inadequately briefed and therefore waived") (cleaned up); *see also United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation . . . is a failure to brief and constitutes waiver").

"By analogy, failure to brief an argument in the district court waives that argument in that court." *Payton*, 2021 WL 2544416, at *26 (quoting *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp 2d at 748 n.10)); *see United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) (citing *United States v. Dominguez-Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008); *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.")); *see also Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th

Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

Nevertheless, even if Buchanan had not waived opposition to the instant motion, the Court is justified in dismissing her claim and answer for substantive reasons under Supplemental Rule G(5) and Federal Rule of Civil Procedure 8(b). The Court now turns to the merits of Buchanan's claim and answer under the above-mentioned rules.

## 2. Buchanan Failed to Properly File an Answer

Forfeiture actions *in rem* arising from a federal statute are generally governed by Supplemental Rule G. Fed. R. Civ. P. Supp. G(1). The government commences the action by first filing a verified complaint. *See id.* G(2). If the responding party "asserts an interest in the defendant property[,]" that party "may contest the forfeiture by filing a *claim* in the court where the action is pending." *Id.* G(5)(a)(i) (emphasis added). However, "[a] claimant must serve and file an *answer* to the complaint or a motion under Rule 12 within 21 days after filing the claim." *Id.* G(5)(b) (emphasis added). After the responding claimant files a claim or an answer, or both, the government may move to strike a claim or answer at any time before trial on the grounds that either: (A) the claim or answer fails to comply with Rule G(5) or Rule G(6); or (B) the claimant lacks standing. *Id.* G(8)(c)(i).

The Court will first address the timeliness of Buchanan's answer. As explained above, when a responding claimant files a claim contesting forfeiture under Supplemental Rule G(5)(a)(i), that claimant "must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Fed. R. Civ. P. Supp. G(5)(b). Typically, the deadlines established by

Supplemental Rule G(5) are to be strictly followed. *United States v. $40,000.00 United States Currency*, No. 22-99, 2022 WL 4110911, at *2 (S.D. Miss. Sept. 8, 2022) (quoting *United States v. Land, Real Prop. Located at 1369 Madrid St., New Orleans, LA 70122*, No. 20-2406, 2021 WL 5232472, at *2 (E.D. La. Nov. 10, 2021)). However, courts have "discretion to excuse a claimant's procedural default in 'the appropriate circumstances or where certain mitigating factors are present.' " *Id.* (quoting *United States v. $100,641.06 U.S. Currency*, No. 13-5566, 2014 WL 6896035, at *5 (E.D. La. Dec. 8, 2014)).

If the failure to comply with Supplemental Rule G is based on the untimeliness of the filing, "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.* (quoting *United States v. $48,880, more or less*, No. 15-364, 2017 WL 1493705, at *3 (W.D. Tex. Apr. 26, 2017) (citing Fed. R. Civ. P. 6(b)(1)(B))); *see also* Fed. R. Civ. P. Supp. R. G(5)(a)(ii) ("Unless the court for good cause sets a different time . . ."). The Fifth Circuit has elaborated on the determination of whether a party has demonstrated excusable neglect, explaining that the excusable neglect determination

> ". . . is at the bottom of an equitable one, taking account of all relevant circumstances surrounding the party's omission." [*Pioneer Investment Services Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993).] These include but are not limited to "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

*L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021).

Further, "a claimant's 'failure to present any evidence demonstrating a good faith attempt to file an [answer] on time, detrimental reliance on government misinformation, or expense of considerable resources preparing [the] case for trial, weighs heavily in the Court's decision to not exercise its discretion.' " *United States v. $40,000.00 United States Currency*, No. 22-99, 2022

WL 4110911, at \*2 (S.D. Miss. Sept. 8, 2022) (quoting *United States v. $100,641.06*, 2014 WL 6896035, at \*5 (5th Cir. 1985)). Other courts have also considered "whether the [claimants] advised the court and the government of their interest in the property before the claim deadline." *Id.* (quoting *United States v. Thirty-Five Firearms,* 123 F. App'x 204, 207 (6th Cir. 2005)); *see also United States v. $125,938.62*, 370 F.3d 1325, 1330 (11th Cir. 2004) (holding that a "district court abused its discretion in disallowing [a] Second Amended Verified Claim" when "[t]he government was on notice as to [the] identities" of the claimants and any prejudice to the government in allowing an extension would be minimal).

Here, because Buchanan filed her claim on May 19, 2022, the deadline for filing her answer was June 9, 2022. She did not file an answer by that date. Thus, under the general rule set forth in Supplemental Rule G(5), Buchanan failed to file a timely claim. Although the Court has discretion to excuse a claimant's failure to comply with Supplemental Rule G(5)'s strict deadline in "the 'appropriate circumstances' or where certain mitigating factors are present[,]" *United States v. $100,641.06 U.S. Currency*, No. 13-5566, 2014 WL 6896035, at \*5 (E.D. La. Dec. 8, 2014) (citation omitted), no circumstances justifying such an excuse exist here.

The United States notified Buchanan of her deadline to file an answer and provided her with specific instructions on how to file a claim in a civil forfeiture proceeding. (Doc. 7-1 at 3; Doc. 7-6 at 1.) Despite the United States' efforts, Buchanan has made no attempt to address her failure to file a timely answer. She has not claimed excusable neglect or a good faith attempt to file an answer, and she has given no indication of expressly moving for an extension of time. *See In re $477,225 from B1 Bank Acct. No. XXXXXXXXXXXX in Name of Interstate Constr. Grp., Inc.*, No. 21-41, 2022 WL 524771, at \*3 (M.D. La. Feb. 22, 2022) (Dick, C.J.) (granting the government's motions to strike a claim and answer after the claimant was offered "numerous

notices and opportunities to properly cure his filing defects . . ."); *see also United States v. U.S. Currency*, No. 20-1295, 2021 WL 1099588, at *2–3 (W.D. La. Mar. 19, 2021) (granting the government's motion to strike the claimant's pleadings because he lacked standing for failure to comply with the strict filing requirements and never "expressly move[d] for an extension of time to file a claim."). Therefore, the Court finds that Buchanan failed to timely file a proper answer in accordance with Supplemental Rule G(5).

Furthermore, even if Buchanan's claim amounted to a timely and properly filed answer pursuant to Supplemental Rule G(5), the substance of that answer fails under the applicable pleading standards. Because Supplemental Rule G(5)(b) only addresses the time by which an answer to a forfeiture complaint must be filed and served, the sufficiency of the contents of that answer is governed by Federal Rule of Civil Procedure 8(b). *United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 827 (E.D. Mich. Jan. 20, 2010); *see* Fed. R. Civ. P. Supp. G(1) ("To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply."). Federal Rule of Civil Procedure 8(b)(1) states that a party responding to a pleading must state "its defenses to each claim" and must "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1)(A)–(B). Rule 8(b)(2) states that a "denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). And although Rule 8(b)(3) does authorize a general denial if a party "intends in good faith to deny all the allegations of a pleading," Fed. R. Civ. P. 8(b)(3), "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional circumstances." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1265 (4th ed.) (footnote omitted).

Applying Federal Rule of Civil Procedure 8 to the present matter, Buchanan's May 19, 2022, claim failed to deny any specific allegations of the complaint. (Doc. 7-1 at 6; *see also* Doc.

12

6.) Rather, the claim only generally denied Buchanan's awareness of any illegal activity involving the seized currency. (Doc. 6.) Moreover, although Federal Rule of Civil Procedure 8(b)(3) allows a general denial to a party acting in good faith in certain exceptional circumstances, Buchanan's general denial does not clear that hurdle. In *United States v. Land, Real Prop. Located at 1369 Madrid St., New Orleans, LA 70122*, the court made clear that "[g]eneral denials . . . are permitted but only if a party acts in good faith and the denial includes all aspects of the complaint, including jurisdiction." No. 20-2406, 2021 WL 5232472, at *3 (E.D. La. Nov. 10, 2021). Here, Buchanan's general denial only addresses her lack of awareness. As the United States points out, her denial fails to address the allegations of fraud in the operative complaint. (Doc. 7-1 at 7.) Thus, even if Buchanan's claim constituted a proper answer under Supplemental Rule G(5), the contents of that answer nevertheless fail to pass muster under Federal Rule of Civil Procedure 8(b).

Additionally, courts have indicated that a claim contesting forfeiture should be struck for lack of statutory standing under Supplemental Rule G(8)(c)(i) when the claimant has failed to properly file an answer under the applicable rules. *See United States v. Approximately $60,110.00 in United States Currency*, No. 19-635, 2020 WL 2199625, *3 (W.D.N.C. May 6, 2020) ("[B]ecause [claimant] failed to file an answer to the Government's forfeiture complaint as required by the Federal Rules, he lacks statutory standing to contest the forfeiture of the Defendant Property in this case, and his Claim must be struck."); *see also United States v. $26,535.00 in United States Currency,* No. 18-350, 2019 WL 1030554, at *3–4 (E.D. Tex. Feb. 15, 2019), *report and recommendation adopted*, No. 18-350, 2019 WL 1028130 (E.D. Tex. Mar. 1, 2019) (failure to file an answer was among the grounds for striking a claim). Thus, because the Court finds that Buchanan failed to file an answer here, her claim contesting the forfeiture will also be stricken.

Given the numerous grounds for granting the motion here—including waiver, failure to

comply with the strict deadlines required by Supplemental Rule G(5), and, alternatively, failure to comply with the responsive pleading standards required by Federal Rule of Civil Procedure 8(b)—the Court need not address Article III standing at this time. For the reasons set forth above, the motion to strike Buchanan's claim and answer is granted.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that *Motion to Strike Claim and Answer* (Doc. 7) filed by Plaintiff United States of America is **GRANTED**. Consequently, Claimant Buchanan's claim, (Doc. 6), is stricken.

Signed in Baton Rouge, Louisiana, on <u>February 27, 2023</u>.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**